KENNEDY *et al. vs.* GUISE *et al.*

The dismissal of an action of ejectment because of the failure of the plaintiffs to answer interrogatories filed by defendants, is within the discretion of the court below, which will not be controlled unless abused.

Practice in the Superior Court. Terrell Superior Court November Term, 1878.

Reported in the decision.

D. A. VASON; L. C. HOYLE, for plaintiffs in error.

GUERRY & PARKS; S. D. IRVIN, for defendants.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiffs against the defendants to recover the possession of the premises therein described, on the several demises of the lessors of the plaintiffs therein named. It appears from the record and bill of exceptions that the defendants had sued out interrogatories for all the plaintiffs' lessors, except Kennedy, under the provisions of the 3810th section of the Code. It also appears that the interrogatories were filed in the clerk's office on the 11th of February, 1878, and served on the plaintiffs' attorney of record on the 14th of February, 1878. It also appears that at the time the interrogatories were filed and served, that Kennedy was not one of the plaintiffs' lessors, but was made so by an amendment of the plaintiffs' declaration at the May term of the court, 1878. When the case was called for trial at the November term of the court, 1878, the defendants made a motion to dismiss the plaintiffs' case on the ground that the interrogatories filed in the clerk's office had not been answered. This motion was resisted by Kennedy, who made a statement in writing, under oath, that he was the *bona fide* claimant of the land sued for ; that the lessors named were merely nominal parties, and that their names were used for the assertion of his rights in the case ; that he was not acquainted with said lessors ; did not know where they now live ; has tried to find out, but cannot do so. The court dismissed the case, and the plaintiffs excepted.

The granting or refusing the motion in this class of cases must necessarily depend upon the sound discretion of the court below, which will not be controlled by this court unless it has been manifestly abused. The plaintiff, Kennedy, could, if he was the real plaintiff in the case, and had used the original lessors' names for his own benefit only, have defeated the defendants' motion to dismiss by amending his declaration and striking out all the demises in the names of those who had been required to answer the inter-

rogatories filed, and then have relied upon his one amended demise for a recovery; or, if he did not choose to do that, then it was incumbent on him, if he persisted in using the other lessors' names for his own benefit, to have shown to the satisfaction of the court that he had used all reasonable diligence to procure their answers, and had failed to do so· The statement that the plaintiff, Kennedy, did not know where the lessors whose names he was using for his own benefit now live, that he had tried to find out and could not do so, was not a sufficient showing of diligence on his part. What did he do to find out where his lessors lived? If he had stated what he had done to find his lessors and procure their answers to the interrogatories, the court then might have been able to judge whether he had used reasonable diligence in trying to find them or not. In view of the facts disclosed in the record, we will not interfere to control the discretion of the court in dismissing the plaintiffs' case.

Let the judgment of the court below be affirmed.